**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SALINA B. NORTON,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
SF-0752-19-0348-I-1

DATE: March 1, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Salina B. Norton, Portland, Oregon, pro se.

Chelsea Miller, Portland, Oregon, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2          The appellant was a Medical Support Assistant for the agency. Initial Appeal File (IAF), Tab 6 at 12. In February 2018, the agency proposed her removal for alleged misconduct. IAF, Tab 6 at 12-13. Before the agency issued a decision on the proposed removal, the appellant retired on February 14, 2018, to be effective on February 28, 2018. *Id.* at 9, 11.

¶3          Shortly after receiving her proposed removal, the appellant appears to have filed a complaint with the Office of Special Counsel (OSC). IAF, Tab 1 at 10-12. Moreover, the appellant filed several formal equal employment opportunity (EEO) complaints, including one in which she alleged that the agency forced her to retire. *Id.* at 18-19. The agency issued a Final Agency Decision (FAD) denying the appellant's EEO complaints on March 6, 2019. *Id.* at 17-27. The FAD did not include notice of the appellant's right to file a claim with OSC but did advise the appellant that she could file an appeal with the Board. *Id.* at 24-27.

¶4          The appellant subsequently filed a Board appeal alleging that her retirement was involuntary and that she was subjected to employment discrimination and harassment. *Id.* at 2. With her appeal, she submitted a copy of an email from OSC acknowledging her complaint. *Id.* at 10-13. The administrative judge gave the appellant notice of the elements and burdens of establishing jurisdiction over her alleged involuntary retirement but did not address her claim as a potential individual right of action (IRA) appeal. IAF, Tab 2 at 2-4.

¶5          The appellant responded to the jurisdictional notice. IAF, Tab 4. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 6 at 4-6. The appellant responded to the motion. IAF, Tab 10. The administrative judge determined that the appellant failed to make a nonfrivolous allegation that she was subjected to race discrimination or general working conditions that were so pervasive that they forced her to retire. IAF, Tab 11, Initial Decision (ID) at 8-11. She further found that, because the Board lacked jurisdiction over her voluntary retirement, it also lacked jurisdiction over her allegations of

discrimination. ID at 11. Thus, she dismissed the appeal for lack of Board jurisdiction without holding the appellant's requested hearing. *Id.*

¶6      The appellant has filed a petition for review. Petition for Review File, Tab 1. She attaches various documents that were not submitted below, predominantly involving the merits of the various personnel actions she faced prior to her retirement. *Id.* at 2-3, 5-30. She also asserts a second instance of being called a racial slur, on this occasion by her supervisor. *Id.* at 3, 25. According to the appellant, she misfiled these documents and discovered them after the initial decision was issued.[2]  *Id.* at 3. She further asserts that the administrative judge failed to consider all of the relevant facts and evidence submitted below, and challenges the merits of various disciplinary actions, including the February 2018 proposed removal for AWOL. *Id.* at 3-4. Finally, she reiterates her claims of retaliation, hostile work environment, and "constructive retirement." *Id.* at 5. The agency has not responded to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appeal must be remanded for the appellant to make a knowing and informed election of remedies.</u>

¶7      Under 5 U.S.C. § 7121(g), an appellant who has been subjected to an action appealable to the Board, and who alleges that she has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C. § 2302(b)(1), such as a claim for whistleblower reprisal, may elect one, and only one, of the following remedies: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed under the provisions of a negotiated grievance procedure; or (3) an OSC complaint, potentially followed by an IRA appeal. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 15 (2016),

---

[2] The issue of jurisdiction over an appeal is always before the Board and may be raised at any time. *Campbell v. Office of Personnel Management*, 90 M.S.P.R. 68, ¶ 8 (2001). As such, we consider these documents submitted for the first time on review, to the extent that they implicate the Board's jurisdiction.

*overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. An election under 5 U.S.C. § 7121(g) is binding only if it was knowing and informed. *Corthell*, 123 M.S.P.R. 417, ¶ 17. An agency's failure to inform an employee fully of her potential appeal rights under 5 U.S.C. § 7121(g) and any limitation on those rights precludes a finding that the appellant made a knowing and informed election of remedies under that provision. *Id.* Here, the agency did not issue a letter of decision regarding the appellant's retirement, and the February 2018 proposed removal which prompted her retirement did not include notice of her right to elect a remedy. IAF, Tab 6 at 12-14. Further, there is no indication that she was informed through other means such as the agency's FAD on her EEO complaint. IAF, Tab 1 at 17-27.

¶8        Although the agency's FAD informed the appellant of her right to appeal the FAD to the Board, this is not the same as receiving notice of her right to elect a remedy, as the appeal rights noted in the FAD do not reference appealing to OSC or how an election would limit other avenues of recourse. *See Corthell*, 123 M.S.P.R. 417, ¶ 17 (finding an agency's failure to inform an employee fully of his potential appeal rights under 5 U.S.C. § 7121(g) and any limitation on those rights precludes a finding that the election of remedies was knowing and informed). Thus, we must remand the appeal for the appellant to make a knowing and informed election of remedies. *See id.*, ¶¶ 17-18 (remanding for an administrative judge to allow an appellant to make a knowing and informed election of his remedies because he had not received notice of his option to file an adverse action appeal). On remand, if the appellant elects to pursue an IRA appeal, the administrative judge should provide her with notice of her jurisdictional burden and an opportunity to establish jurisdiction over such an appeal. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (explaining that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

<u>If the appellant elects to pursue her chapter 75 appeal, the administrative judge should hold a jurisdictional hearing.</u>

¶9       The administrative judge found that the Board lacks jurisdiction over the appellant's alleged involuntary retirement because she failed to nonfrivolously allege that the race discrimination and general work conditions were so intolerable that a reasonable person in her position would have felt compelled to retire. ID at 8-11. We disagree.

¶10       A retirement is presumed to be voluntary and outside of the Board's jurisdiction. *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 21 (2014). An involuntary retirement, however, is equivalent to a forced removal within the Board's jurisdiction under chapter 75. *Id*. The touchstone of the voluntariness analysis and the common element in all Board cases involving alleged involuntary retirements is that factors have operated on the employee's decision-making process that deprived her of freedom of choice. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 22 (2004). The totality of the circumstances is examined under an objective standard to determine voluntariness. *Id*. Under that standard, the Board will find a retirement involuntary only if the employee demonstrates that under all the circumstances, working conditions were made so difficult by the agency that a reasonable person would have felt compelled to resign. *Id.*

¶11       An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary retirement if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Id.*, ¶ 23. A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *Id*. Thus, to establish entitlement to a jurisdictional hearing, an appellant need not allege facts that, if proven, definitely would establish that the retirement was involuntary; she need only allege facts that, if proven, could establish such a claim. *Id.*

¶12    When, as here, allegations of discrimination and reprisal are alleged, such evidence may be addressed at the jurisdictional stage only insofar as it relates to the issue of voluntariness and not whether the evidence would establish discrimination or reprisal as an affirmative defense. *Id.*, ¶ 24. Thus, evidence of discrimination and retaliation goes to the ultimate question of coercion. *Id.*

¶13    This appeal involves a number of actions that the appellant alleged created a hostile work environment and forced her to retire. A combination of workplace actions such as threatening removal and making negative remarks about the appellant to other department heads may be sufficient to meet the nonfrivolous pleading standard. *Coufal,* 98 M.S.P.R. 31, ¶¶ 26-27.

¶14    The administrative judge found that the employee who was the source of the racial comments the appellant raised below left the agency years before the appellant retired. ID at 9. She found that there was no evidence or any further direct mention of the appellant's race or ethnicity in the several years after this event. *Id.* Thus, she found the coworker's alleged comments too remote to have been a motivating factor in the appellant's decision to retire nearly 3 years later. *Id.* The administrative judge also found that the various personnel actions taken against the appellant warranted disciplinary action and that the appellant was afforded generous progressive discipline. *Id.* She therefore found that the appellant failed to prove by preponderant evidence that the race discrimination was so pervasive that it compelled her to retire. *Id.* This was erroneous, as the appellant need only make a nonfrivolous allegation casting doubt on the presumption of voluntariness to be entitled to a hearing on the issue of Board jurisdiction. *Coufal,* 98 M.S.P.R. 31, ¶ 23.

¶15    The administrative judge additionally found the appellant's allegations of a general hostile work environment were insufficient to amount to a pattern of harassment such that a reasonable person in the appellant's position would have felt compelled to retire. ID at 9-10. Here, the appellant alleged that the agency took a number of punitive actions for 3 years culminating in her perception that

she had no choice but to retire. In sum, during this period, she alleges that the agency issued her three written counselings, a letter of reprimand, three suspensions, twice proposed her removal, called her a racial slur on more than one occasion, introduced her as the "office token," made negative remarks about her to other supervisors, and yelled and cursed at her. We find that, as alleged, a reasonable person in the appellant's position could have felt that the agency's actions left her no choice but to retire. *See Braun v. Department of Veterans Affairs*, 50 F.3d 1005, 1007-08 (Fed. Cir. 1995) (concluding that an appellant was entitled to a jurisdiction hearing when he nonfrivolously alleged that his supervisor issued 11 unjustified disciplinary actions within 17 months, resulting in his coerced resignation); *Coufal*, 98 M.S.P.R. 31, ¶¶ 26-29 (finding the totality of the circumstances alleged by the appellant, which included examples such as elimination of key duties, requiring the appellant to work additional hours without compensation, placing her on a performance improvement plan, isolating her, excluding her from meetings, and making negative comments, amounted to a nonfrivolous allegation of a constructive discharge). The appellant has therefore made a nonfrivolous allegation that her retirement was involuntary. On remand, if the appellant chooses to elect her chapter 75 remedy, the administrative judge shall convene a jurisdictional hearing at which the appellant must prove by preponderant evidence that her retirement was involuntary.

## ORDER

¶16     For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:           *Gina K. Grippando*
                         _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.